# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00291-MR
## [Criminal Case No. 1:06-cr-00255-MR-1]

| | |
|---|---|
| JONATHAN ANTHONY TORRES, ) ) Petitioner, ) ) vs. ) ) RICHARD B. IVES, WARDEN, USP McCREARY,[1] ) ) Respondent. ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's federal habeas petition, filed pursuant to 28 U.S.C. § 2241 [Doc. 1]; Petitioner's alternate petition for a writ of error *coram nobis* [Criminal Case No. 1:06-cr-00255-MR, Doc. 65]; the Government's Motion to Hold Case in Abeyance [Doc. 14]; and Petitioner's Motion for Expedited Consideration [Doc. 16]. For the reasons that follow, the § 2241 petition will be allowed, and Petitioner's conviction will be vacated.

---

[1] The Federal Bureau of Prisons website indicates that Petitioner is incarcerated at the United States Penitentiary in Pine Knot, Kentucky. Because this motion seeks relief under 28 U.S.C. § 2241, the Court hereby *sua sponte* substitutes the warden of Petitioner's prison facility for the United States of America as Respondent herein. See 28 U.S.C. § 2242.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on October 3, 2006, and charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:06-cr-00255-MR-1, Doc. 1: Indictment]. The Petitioner was found guilty of this charge following a trial by jury. [Id., Doc. 22: Jury Verdict]. According to the Presentence Report, at the time Petitioner possessed the firearm at issue, he had numerous prior felony convictions under North Carolina's structured sentencing laws, including convictions for breaking and entering, larceny, possession of stolen goods/property, speeding to elude arrest, and possession with intent to sell and delivery marijuana. [Id., Doc. 57: PSR at 9-15]. According to the PSR, the greatest term of imprisonment Petitioner could have received for any of these convictions was a ten-month sentence.[2] [Id. at 12]. Petitioner was sentenced on September 24, 2007, to a term of 100 months by the Honorable Lacy H. Thornburg.[3] Judgment was entered on October 2,

---

[2] Petitioner was initially sentenced to 10 to 12 months in prison for his speeding-to-elude offense with two aggravating factors, but this sentence was later vacated and Petitioner was resentenced to 8 to 10 months in prison, because the aggravating factors had not been submitted to a jury and found beyond a reasonable doubt. See State v. Torres, 2006 WL 91317, at *3 (N.C. Ct. App. Jan. 17, 2006).

[3] Following Judge Thornburg's retirement, this case was assigned to the undersigned for further proceedings.

2007. [Id., Doc. 41: Judgment]. Petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals, which affirmed his conviction on June 16, 2008. United States v. Torres, 281 F. App'x 245 (4th Cir. 2008) (unpublished). On October 14, 2008, the Supreme Court of the United States denied Petitioner's petition for a writ of certiorari. Torres v. United States, 555 U.S. 962 (2008).

On June 9, 2009, Petitioner filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Civil Case No. 1:09-cv-00226-MR-1, Doc. 1]. This Court dismissed Petitioner's motion on June 8, 2010. [Id., Doc. 4]. Petitioner appealed to the Fourth Circuit, which dismissed Petitioner's claim on October 12, 2010. United States v. Torres, No. 10-6871 (4th Cir. 2010) (unpublished). [Id., Doc. 9]. On August 7, 2012, the Fourth Circuit denied Petitioner's application to file a successive § 2255 motion, pursuant to 28 U.S.C. § 2244. See In re: Torres, No. 12-248 (4th Cir. 2012) (unpublished). [Criminal Case No. 1:06-cr-00255-MR-1, Doc. 64].

On August 16, 2012, Petitioner's counsel filed the present petition in the United States District of Court for the Middle District of Pennsylvania,[4] arguing that due to a recent change in the law announced by the Fourth

---

[4] Counsel filed the § 2241 petition in the Middle District of Pennsylvania, as Petitioner was incarcerated in that District at that time.

3

Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner was actually innocent of the federal charge for which he was indicted and convicted. The Pennsylvania District Court transferred Petitioner's case to this District as this was the district of conviction and where judgment was entered. [Id., Doc. 10: Order of Transfer]. On December 13, 2012, the Government filed a responsive brief conceding that Petitioner was actually innocent based on the decision in Simmons and supporting Petitioner's application for relief under § 2241. [Id., Doc. 12]. On January 17, 2013, the Court entered an Order requesting additional briefing on the issue of actual innocence, and in particular, with emphasis placed on the effect, if any, of the Fourth Circuit's opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012), and intervening unpublished cases, on Petitioner's claim for relief. [Id., Doc. 13: Order].

Before submitting the requested briefing, the Government filed a motion to hold this action in abeyance pending the Fourth Circuit's decision in Miller v. United States, No. 13-6254. [Doc. 14]. On August 21, 2013, the Fourth Circuit issued the Miller decision, which held that Simmons is retroactive to cases on collateral review that involve claims of actual innocence of an underlying § 922(g) conviction. See Miller, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). Following the Miller decision,

4

Petitioner filed a motion seeking expedited consideration of his § 2241 petition.

## DISCUSSION

Section 2255 is generally the proper proceeding to collaterally attack the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). By contrast, § 2241 is a means of attacking the manner in which a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of § 2255 permits a petitioner to seek relief under Section 2241. In re Jones, 226 F.3d at 333. While the savings clause can be invoked to permit § 2241 relief where § 2255 is inadequate or ineffective, it only applies to permit such relief, when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule

is not one of constitutional law.  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Each of these elements is met here.  At the time of Petitioner's conviction, United States v. Harp, 406 F.3d 242 (4th Cir. 2005), was the settled law of this Circuit that established the legality of Petitioner's conviction.  After Petitioner's appeal and § 2255 were concluded, the Court of Appeals overturned Harp in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  The new rule in Simmons, while resting at least in some measure on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), is not one of constitutional law, and thus Petitioner cannot satisfy the gatekeeping provisions of § 2255.

In its response to Petitioner's motion to vacate, the Government concedes that, under Simmons, the underlying state court offense used to support Petitioner's federal conviction was not punishable by more than one year in prison.  Therefore, Petitioner lacks a qualifying, predicate offense to support his conviction under 18 U.S.C. § 922(g)(1).  The Government also concedes that the requirements for relief under § 2241 are satisfied in this case with respect to Petitioner's § 922(g)(1) conviction.

In light of Petitioner's extensive criminal history, in his Presentence Report he was assessed a total of 22 criminal history points – nearly

double the number required to place him in the highest criminal history category (Category VI). Despite his numerous convictions, Petitioner was never exposed to a term of imprisonment exceeding one year and thus after Simmons Petitioner is not a "felon" within the meaning of § 922(g)(1). Therefore his possession of a firearm was not unlawful, notwithstanding his criminal record.

Accordingly, the Court concludes that Petitioner is entitled to relief under § 2241 and that his § 922(g)(1) conviction should be vacated. The Court will therefore grant the § 2241 petition and vacate Petitioner's § 922(g) conviction.[5]

**CONCLUSION**

For the foregoing reasons, the Court finds that Petitioner is entitled to relief pursuant to 28 U.S.C. § 2241.

Accordingly, **IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion for Expedited Consideration [Doc. 16] is **GRANTED**;

(2) Petitioner's motion for habeas relief under 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**, and his conviction under 18 U.S.C. §

---

[5] Because § 2241 provides a remedy to Petitioner, the Court need not address the requirements for a writ of error *coram nobis*, the alternative basis for relief asserted by Petitioner.

922(g)(1) [Criminal Case No. 1:06-cr-00255-MR-1, Doc. 41] is hereby **VACATED**;

(3) Petitioner's alternative petition for a writ of error *coram nobis* [Criminal Case No. 1:06-cr-00255-MR-1, Doc. 65] is **DENIED AS MOOT**;

(4) The Government's Motion to Hold Case in Abeyance [Doc. 14] is **DENIED AS MOOT**;

(5) Inasmuch as Petitioner's conviction has been vacated, his sentence is also **VACATED**, and he is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service and/or any conditions of supervised release/bond imposed in this matter;

(6) To allow the Bureau of Prisons, United States Marshals Service and Pretrial Services adequate time to comply with this Order, such are allowed up to ten (10) days to comply with this Order; and

(7) The Clerk of Court is directed to certify copies of this Order to the U.S. Bureau of Prisons, the U.S. Marshals Service, and the U.S. Probation and Pretrial Services.

Signed: September 21, 2013

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge